[Cite as *State v. Williams*, 2014-Ohio-4744.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| -vs- | : | **CASE NO. 2014-P-0051** |
| TYLER WILLIAMS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Court of Common Pleas, Case No. 2013 CR 0364.

Judgment: Appeal dismissed.

*Victor V. Vigluicci*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Tyler Williams,* pro se, 994 South Lincoln Street, Kent, OH 44240 (Defendant-Appellant).

TIMOTHY P. CANNON, P.J.,

{¶1} On August 18, 2014, appellant, Tyler Williams, filed with the Portage County Court of Common Pleas a Docketing Statement, Instructions for Service, and what appears to be a motion requesting an extension of time to file an appeal. No Notice of Appeal was filed, and there was no entry of appeal attached to the Docketing Statement.

{¶2} Upon review of the trial court docket, on July 16, 2014, appellant was convicted of gross sexual imposition and found to be a Tier II Sex Offender. The trial court sentenced him to serve one year in prison, and he was given credit for one year of

time served.  The court placed him on probation with specific conditions and ordered that he pay $365 in costs.

{¶3}  App.R. 3(A) states in relevant part:

{¶4}  "An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4. * * *"

{¶5}  App.R. 4(A) states in relevant part:

{¶6}  "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed.  * * *"

{¶7}  In this case, a timely Notice of Appeal from the July 16, 2014 entry of conviction and sentence was due to be filed no later than August 15, 2014, which was not a weekend or a holiday.  Appellant filed a Docketing Statement alone without also filing a Notice of Appeal, on August 18, 2014.  Even if this court were to construe appellant's filing of a Docketing Statement as his attempt to appeal his conviction and sentence, the Docketing Statement was filed three days beyond the thirty-day time requirement in App.R. 4(A) for filing a Notice of Appeal.

{¶8}  App.R. 5(A) states in relevant part:

(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

(a) Criminal proceedings;

(b) Delinquency proceedings; and

(c) Serious youthful offender proceedings.

(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right.  Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and

2

shall file a copy of the notice of the appeal in the court of appeals. * * *

{¶9}   In the present case, appellant has not invoked this court's jurisdiction by filing a proper Notice of Appeal within the thirty-day rule set forth in App.R. 4(A) nor has he sought leave to appeal via App.R. 5(A).  Thus, this court is without jurisdiction to consider the appeal.  Appellant has a remedy under App.R. 5(A) to file an untimely appeal from a criminal judgment.

{¶10}  Based upon the foregoing analysis, the appeal is hereby sua sponte dismissed as being untimely.

{¶11}  Appeal dismissed.

DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.